[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Both parties appeared and were represented by counsel. All statutory stays having expired, the court has jurisdiction.
Having heard the evidence, the court finds as follows:
The defendant and plaintiff, whose maiden name was Nygren, intermarried at San Diego, California on February 19, 1983; that CT Page 11322 the plaintiff has resided continuously in Connecticut for a period of one year next preceding the date of the filing of this complaint; that there are two minor children issue of the marriage, Johanna E. Sigel born May 2, 1985 and Naomi R. Sigel born December 23, 1986; that there were no other minor children born to the plaintiff since the date of the marriage of the parties; that the marriage has broken down irretrievably; that there is no hope of reconciliation and that no state agency is presently contributing to the care or welfare of the parties or their children
Plaintiff attributes the breakdown of the marriage to defendant's lack of communication, respect and much criticism. Plaintiff became depressed and sought counseling for depression between October 1997 to December 1997. She filed for divorce on November 13, 1998.
The defendant stayed in the marital home until April 10, 1999 when he moved to Alexandria, Virginia where he moved in with his mother. Defendant does not contest plaintiffs claims as to the cause of the breakdown nor does he offer his opinion as to same.
Based on the above, it is clear that the marriage of the parties has irretrievably broken down without any hope for reconciliation. I find that the defendant was more at fault for the breakdown than was the plaintiff.
The plaintiff, who was born February 20, 1965, appears to be in good health. She graduated high school and attended business college for one year. She has been employed during the marriage full-time and part-time. Presently, she is employed at Pfizer as an administration associate and receives a net weekly wage of $463.90 and medical benefits for her minor children. Her continued employment seems good.
The defendant, who was born July 4, 1949, appears to be in good health. He graduated from high school and took some college courses while he was in the Air Force. During the marriage the defendant had various jobs. In 1994 he left his employment, while earning $40,000.00 per year. For 18 months thereafter he worked as an East Coast representative for an Illinois company.
In June of 1996, defendant became self-employed as a manufacturer's representative working out of the marital home. Defendant's main clients were Vacutrade Co. and Essex Products CT Page 11323 Co.
Defendant's income comes from commissions he earns by submitting to the above companies orders he obtained for their products, and pursuant to an arrangement with said companies wherein he buys their products at discounted prices and sells them to his customers at the regular price.
Because of the nature of his work, defendant's income is not consistent but varies on when he sells and earns his commissions. However, in 1998 his gross income was $70,755.00 while his net income was $52,739.00. Plaintiff's Exhibit I. He claims his expenses run between 68 and 72%.
Presently, he claims that business is bad and his net weekly income is $310.46. Plaintiff contests defendant's testimony as to his present income because it is much lower than his 1998 income. However, based on his testimony, his unsigned financial affidavits, his expense ratio, this Court finds that defendant's net weekly income since January 1, 1999 to the present is around $700.00 per week.
The parties own a marital home located at 29 Long Society Road, Preston, Connecticut. Presently, the property has a market value of $99,000.00 and is subject to a mortgage of $92,000. The remaining assets of the parties shall be set forth in the orders hereinafter set forth.
After considering Connecticut General Statutes §§ 46b-61, 62, 81, 82 and 84, and in light of the evidence and my findings, judgment is entered dissolving the marriage of the parties on the grounds of irretrievable breakdown. It is ordered that:
1. The parties are awarded joint legal custody of their minor children with primary physical custody to the plaintiff. The defendant shall have reasonable rights of visitation which shall include overnight alternating weekends, part of the summer school vacations, alternate holidays and alternate birthdays. The court will retain jurisdiction if the parties cannot amicably agree to when such visitations shall take place.
2. The defendant shall pay to the plaintiff $175.00 per week as child support for both children. Further, he shall pay her $1,100.00 pursuant to the stipulation filed with the court January 25, 1999. CT Page 11324
3. The defendant shall take the minor child Naomi as a tax exemption. The plaintiff shall take the minor child Johanna as a tax exemption.
4. The plaintiff shall keep her Pfizer stock investment plan; her Pfizer stock options and the 1991 Plymouth Voyager. The defendant shall transfer title to said automobile to the plaintiff.
5. The defendant shall retain any inheritance he may receive from his deceased mother's estate, the camper, the 1998 Plymouth Voyager and his business free of any claim by the plaintiff. He shall pay all expenses of said business and hold her harmless therefrom and on the loan on his automobile.
6. The defendant shall quitclaim all of his interest in the marital home located at 29 Long Society Road, Preston, Connecticut to the plaintiff. She shall pay all mortgages and liens on said property and all expenses of ownership. Plaintiff shall hold the defendant harmless on said mortgage liens, etc. She shall make reasonable efforts to remove defendant's name from the mortgage provided she can refinance at an interest rate comparable to what she now has.
7. The parties shall divide their personal property according to Attachment A — Division of Personal Property as appears in the file.
8. The defendant shall pay to the plaintiff $1.00 per year alimony for eights years, nonmodifiable as to term only. Said alimony shall sooner terminate upon the death of the plaintiff, her remarriage or cohabitation with an unrelated male.
9. Each party shall maintain their current life insurance naming the children as irrevocable beneficiaries until the youngest turns 18 and thereafter as beneficiaries until the youngest turns 23. Each will provide the other, upon request, evidence of the status of said policy or means to obtain same.
10. The plaintiff shall maintain the minor children on her medical insurance plan as is available through her employment. The parties shall share equally all unreimbursed medical, dental and health-related expenses. CT Page 11325
11. The defendant shall keep his business-related bank accounts.
12. The defendant shall provide the plaintiff quarterly statements from the business Vacutrade Co., Essex Products Co. and any other company from whom he derives income, showing the commissions he received, the amount of goods he purchased at a discounted rate and how much he received from them on resale.
13. The plaintiff shall pay the First Card and Conn. Housing Investment Fund loan as listed on her financial affidavit and hold the defendant harmless therefrom.
14. The defendant shall be responsible for the Capital Ave. Visa credit card. He shall not be entitled to any contribution from the plaintiff for the 1998 Federal income paid.
15. Each party shall pay their own attorney's fees.
Vasington, Judge Trial Referee